IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK OVERTON
964 17th Street
Astoria, OR 97103,

                   Plaintiff,

vs.

HEALTH COMMUNICATIONS, INC.
3201 S. W. 15th St.
Deerfield Beach, FL 33442

CHICKEN SOUP FOR THE SOUL
PUBLISHING, LLC.
132 East Putnam Ave.
Cos Cob, CT 06807

AMERICAN GREETINGS CORPORATION
One American Rd.
Cleveland, OH 44144

CHICKEN SOUP FOR THE SOUL ENTERPRISES, INC.
711 W. 17th Street, # D2
Costa Mesa, CA 92627

CHICKEN SOUP FOR THE SOUL, LLC
132 E. Putnam Ave.
FL 2 W
COS COB, CT 06807

JOHN T. CANFIELD, a/k/a JACK CANFIELD
CALIFORNIA

MARK VICTOR HANSEN
CALIFORNIA

                   Defendants.

PLAINTIFF'S
SECOND AMENDED
COMPLAINT

Case No. 10 CV 701

    Plaintiff, Patrick Overton, by and through his attorneys, Bakke Norman, S.C., by

Timothy O'Brien and Peter M. Reinhardt, complains of Defendants as follows:

## PARTIES

1. Plaintiff, Patrick Overton, is an adult residing at 964 17th Street, Astoria, Oregon 97103. He is an author, consultant and the director of The Front Porch Institute. His current primary place of employment is New Richmond, Wisconsin.

2. Defendant, Health Communications, Inc., is a Florida corporation with its principal place of business located at 3201 S. W. 15th St., Deerfield Beach, Florida 33442. Health Communications, Inc. is a publisher of books, including A Cup of Chicken Soup for the Soul. Its registered agent, in the State of Wisconsin, is CSC-Lawyers Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

3. Defendant, Chicken Soup for the Soul Publishing, LLC, is a domestic limited liability company with its principal place of business located at 132 East Putnam Ave., Cos Cob, CT 06807. Its registered agent is National Corporate Research, Ltd., 320 Robert St., Suite 203, East Hartford, CT 06108.

4. Defendant, American Greeting Corporation, is a foreign business corporation with its principal place of business located at One American Road, Cleveland, Ohio. Its registered agent, in the State of Wisconsin, is CSC-Lawyers Incorporating Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin.

5. Defendant, Chicken Soup for the Soul Enterprises, is a California corporation with its principal place of business located at 711 W. 17th Street, #D2, Costa Mesa, CA 92627.

6. Defendant, Chicken Soup for the Soul, LLC, is a Connecticut limited liability company with its principal place of business located at 132 E. Putnam Ave., FL 2W, Cos Cob, CT 06807. Its registered agent is National Corporate Research, Ltd., 330 Roberts Street, Suite 203, East Rutherford, CT 06108.

7. Defendant, John T. Canfield, is an adult individual. Upon information and belief, he resides in the State of California and conducts business at 711 W. 17th Street, # D2, Costa Mesa, California.

8. Defendant, Mark Victor Hansen, is an adult individual. Upon information and belief, he resides in the State of California and conducts business at 711 W. 17th Street, # D2, Costa Mesa, California.

## NATURE OF ACTION

9. Plaintiff, Patrick Overton, claims that Defendants have infringed and/or will continue to infringe on his copyright and associated rights pursuant to 17 U.S.C. § 501. Plaintiff claims that Defendants have produced, distributed and used an unauthorized copy or an unauthorized derivative work of his copyrighted work in violation of his exclusive rights under 17 U.S.C. § 106.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to the copyright laws of the United States, including 17 U.S.C. §§ 101 et seq., and 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Defendants by virtue of their transacting and doing business in the State of Wisconsin and Defendants conducting infringing activity in the State of Wisconsin.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## GENERAL ALLEGATIONS

13. Plaintiff, Patrick Overton, is the author of a book entitled "The Leaning Tree,"

that includes a poem entitled "Faith."

14. The book "The Leaning Tree," including the "Faith" poem, constitutes copyrightable subject matter and is a protected work under the copyright laws of the United States. A copy of the cover of the book, the copyright notice page, and the page showing the "Faith" poem are attached hereto as Exhibit A.

15. On August 25, 1975, the U.S. Copyright Office duly and legally issued Copyright Registration No. 665277 for "The Leaning Tree." A copy of the copyright registration is attached hereto as Exhibit B.

16. The copyright registration for "The Leaning Tree" was assigned to Plaintiff Overton on November 16, 1981 and recorded in volume 1876, page 152. A copy of the Assignment of the Copyright is attached hereto as Exhibit C.

17. Plaintiff Overton is the assignee and owner of all right, title and interest in and to the copyrights in "The Leaning Tree," including the "Faith" poem. Since the first publication of "The Leaning Tree," these works have been distributed with a copyright notice as shown in Exhibit A.

18. In 1996, Defendants Canfield and Hansen, along with Barry Spilchuk, authored "A Cup of Chicken for the Soul," a compilation of stories and poems from different authors and poets.

19. From 1996 until at least 2008, Canfield and Hansen directly, or indirectly through various business entities they own, have been involved in the publication, distribution, sales, licensing and marketing of "A Cup Of Chicken Soup for the Soul."

20. Defendant, Health Communications, Inc., is in the business of producing, publishing and distributing self help and inspirational books in the stream of commerce,

including in the State of Wisconsin. This includes books generally known and marketed under the trade name "Chicken Soup for the Soul."

21. In 1996, Defendants Canfield and Hansen, along with Barry Spilchuk, entered into an Agreement with Health Communications, Inc. Pursuant to this Agreement, Health Communications, Inc., was granted an exclusive license to publish, sell, and distribute "A Cup of Chicken Soup for the Soul."

22. From 1996 through 2010, Defendant, Health Communications, Inc., has published, distributed and sold a book, "A Cup of Chicken Soup for the Soul," that includes a substantially similar poem to Plaintiff Overton's "Faith" poem. A photocopy of the poem found at page 191 of Defendant, Health Communications, Inc.'s, book, A Cup of Chicken Soup for the Soul, is attached hereto as Exhibit D. Upon information and belief, Defendant, Health Communications, Inc. has licensed or otherwise provided the substantially similar poem to third party vendors, who have further distributed the work in the stream of commerce, including in the State of Wisconsin.

23. Chicken Soup for the Soul Enterprises, Inc., was created by Defendants Hansen and Canfield to perform administrative work with respect to books in the Chicken Soup for the Soul series of books, including licensing and marketing the Chicken Soup for the Soul brand and books. As such, it was party to some of the agreements that resulted in the publication, distribution and sale of the "Faith" poem. Upon information and belief, Hansen and Canfield are the sole or majority owners of Chicken Soup for the Soul Enterprises, Inc.

24. Chicken Soup for the Soul, LLC, is the sole member and owner of Chicken Soup for the Soul Publishing, LLC. It is entitled to make all decisions regarding Chicken Soup for the

Soul Publishing, LLC, and its business, and is entitled to all profits and losses of Chicken Soup for the Soul Publishing, LLC.

25. Defendant, Chicken Soup for the Soul Publishing, LLC, engages in the business of publishing and distributing books throughout the United States and Canada. Since 2007 or 2008, and continuing through at least 2010, Defendant, Chicken Soup for the Soul Publishing, LLC, has, directly or indirectly, provided, distributed and sold a book "A Cup of Chicken Soup for the Soul," that includes a substantially similar poem to Plaintiff Overton's "Faith" poem. Defendant, Chicken Soup for the Soul Publishing, LLC, has licensed or otherwise provided the substantially similar poem to third party vendors, who have further distributed the work in the stream of commerce, including the State of Wisconsin.

26. Defendant, American Greetings Corporation, engages in the business of publishing and distributing greeting cards throughout the United States.

27. In June of 2001, Chicken Soup for the Soul Enterprises, Inc., entered into a Merchandise License Agreement with American Greetings Corporation. Pursuant to this Agreement, Chicken Soup for the Soul Enterprises, Inc., was granted the non-exclusive license to manufacture, distribute and sell textual materials contained in the book series entitled "Chicken Soup for the Soul," including "A Cup of Chicken Soup for the Soul."

28. American Greeting Cards and Chicken Soup for the Soul Enterprises, Inc., have provided, published, distributed and sold a greeting card that includes a substantially similar poem to Plaintiff Overton's "Faith Poem." Upon information and belief, the greeting cards have continued to be sold to the public, at various retail entities throughout the United States, through at least 2010. A photocopy of the greeting card is attached hereto as Exhibit E.

29. In 2008, Canfield and Hansen sold their interest in the Chicken Soup for the Soul series of books, including "A Cup of Chicken Soup for the Soul", to Chicken Soup for the Soul, LLC, and Chicken Soup for the Soul Publishing, LLC. Upon information and belief, they made representations and warranties to the buyers regarding copyright permissions.

30. Plaintiff Overton has not given authorization to Defendants to use his "Faith" poem.

31. Defendants have attributed Plaintiff Overton's "Faith" poem to Barbara J. Winter. Barbara J. Winter is not the author of the "Faith" poem.

32. Barbara J. Winter was not asked for and did not provide permission for Defendants to use the "Faith" poem, or to attribute the poem to her.

33. In 2000 or 2001, Barbara Winter informed Defendant Health Communications, Inc., by correspondence sent regular mail to its business address that she was not the author of the Faith Poem, and that Patrick Overton was the author of the Faith Poem.

34. Upon information and belief, unless enjoined by this court, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, and otherwise profit from Plaintiff Overton's "Faith" poem and works derived therefrom.

35. As a direct and proximate result of the acts of Defendants alleged above, Plaintiff Overton has already suffered irreparable damage.

36. Plaintiff Overton has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct. Plaintiff Overton will continue to suffer irreparable damage until Defendants' actions alleged above are enjoined by this court.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501

37. Plaintiff Overton re-alleges and incorporates by reference paragraphs 1 through 36 above as fully set forth herein.

38. Plaintiff Overton is the owner of a valid copyright in the "Faith" poem.

39. Defendants had access to the Plaintiff's "Faith" poem.

40. The poem in Defendants' "A Cup of Chicken Soup for the Soul" book is substantially similar to Plaintiff's "Faith" poem.

41. The poem in greeting cards produced, marketed and sold by American Greeting Corporation, pursuant to its licensing agreement with Chicken Soup for the Soul Enterprises, Inc. is substantially similar to Plaintiff's "Faith" poem.

42. By their actions alleged above, Defendants have infringed and will continue to infringe Plaintiff Overton's copyright and his associated exclusive rights under 17 U.S.C. §106 in and relating to works containing the "Faith" poem by producing, distributing, and using an unauthorized copy or an unauthorized derivative work of Plaintiff Overton's copyrighted work.

43. Upon information and belief Defendants' actions constitute willful infringement of Plaintiff Overton's copyrighted work. Defendants knew their actions infringed Plaintiff's copyright or rights and were reckless in not knowing of the infringement.

44. Plaintiff Overton is entitled to damages in the statutory amount, including punitive damages.

45. Plaintiff Overton is further entitled to recover from Defendants the damages, including attorneys' fees, he has sustained and will sustain, including actual damages and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts of

infringement alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff Overton.

46. Mr. Overton is entitled to an injunction restraining Defendants, and their agents, employees, directors, and all other persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

## SECOND CAUSE OF ACTION
## WIS. STATS. §100.18

47. Plaintiff Overton re-alleges and incorporates by reference paragraphs 1 through 46 above as fully set forth herein.

48. Defendants have and continue to sell products in Wisconsin.

49. Defendants, by their acts of identifying Barbara J. Winters as the author of the "Faith" poem, have violated Plaintiff Overton's right to claim authorship of the poem.

50. Defendants, with intent to sell, distribute or otherwise dispose of their products, have, directly or indirectly, made, published, disseminated and otherwise placed before the public in the State of Wisconsin, advertisements, announcements, statements and/or representations which contained assertions, representations and/or statements of fact which were untrue, deceptive or misleading and were designed to induce others to buy or use Defendants' products, all in violation of Wis. Stats. §100.18(1).

51. Plaintiff Overton is entitled to damages pursuant to Wis. Stats. §100.18(11)(b)2.

## THIRD CAUSE OF ACTION
## CONTRIBUTORY INFRINGEMENT

52. Plaintiff Overton realleges and incorporates by reference paragraphs 1 through 51 of this Second Amended Complaint.

53. Defendants Canfield, Hansen, and Chicken Soup for the Soul Enterprises, Inc., with actual or constructive knowledge of the infringing activity, induced, caused or materially contributed to the infringement by Defendants Chicken Soup for the Soul Publishing, LLC, American Greetings Corporation, and Health Communications, Inc.

54. Defendant, American Greetings Corporation, with knowledge of the infringing activity, induced, caused or materially contributed to the infringement of retailers to whom the greetings cards containing Plaintiff's "Faith" poem were sold, wholesale, to be resold to the retailers customers.

## FOURTH CAUSE OF ACTION
## VICARIOUS LIABILITY

55. Plaintiff Overton realleges and incorporates paragraphs 1 through 54 of this Amended Complaint.

56. Upon information and belief, Canfield and Hansen had the right and ability to supervise the infringing activities of Chicken Soup for the Soul Enterprises, Inc.

57. Upon information and belief, Canfield and Hansen had a direct financial interest in the infringing activities of Chicken Soup for the Soul Enterprises, Inc.

58. Upon information and belief, Defendants Canfield and Hansen are vicariously liable for the infringement of Chicken Soup for the Soul Enterprises, Inc., and Chicken Soup for the Soul, LLC.

59. Defendant Chicken Soup for the Soul, LLC, had and has the right and ability to supervise the infringing activities of Chicken Soup for the Soul Publishing, LLC, and a direct financial interest in the infringing activities of Chicken Soup for the Soul, Publishing, LLC.

60. Defendant Chicken Soup for the Soul, LLC, is vicariously liable for the infringement of Chicken Soup for the Soul Publishing, LLC.

WHEREFORE, Plaintiff Overton respectfully requests the following relief:

A. A finding that the Court find Defendants have directly or contributorily infringed Plaintiff's copyright;

B. That the Court find Defendants will continue to infringe upon Plaintiff's copyright unless they are properly enjoined;

C. That the Court find Defendants have violated Plaintiff's attribution and integrity rights in his copyrighted material;

D. An award of all monetary damages Plaintiff is entitled to pursuant to 17 U.S.C. § 504;

E. All relief Plaintiff is entitled to pursuant to 17 U.S.C. § 502 and 503;

F. Punitive damages pursuant to 17 U.S.C. §504 and Wis. Stats. §100.18.

G. That Defendants, their agents, officers, directors, employees, and all other persons in active concert or privity or in participation with them be temporarily and permanently enjoined from directly or indirectly infringing Plaintiff's copyright in his work or continuing to use, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from Plaintiff's copyrighted work or to participate or assist in any such activity;

H. That Defendants and all persons in active concert or privity or in participation with them be enjoined to recall from all distributors, publishers, printers and all others known to Defendants, any originals, copies, facsimiles, electronic versions or duplicates of any works shown by the evidence to infringe any of Plaintiff's copyrighted work;

I.  That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, electronic versions or duplicates of any work shown by the evidence to infringe any of Plaintiff's copyrighted work;

J.  An award of actual damages and for any additional profits attributable to infringements of Plaintiff's copyright; or alternatively, an award of statutory damages based upon Defendants' acts of infringement, including for willful infringement;

K.  An award of reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

L.  That all gains, profits and other advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff;

M.  That Defendants be ordered to file with this court and serve on Plaintiff within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the court;

N.  That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and other violations of law;

O.  That Defendants be required to pay prejudgment and post-judgment interest until such awards are paid;

P.  That the court award Plaintiff damages against Defendants jointly and severally in an amount to be determined at trial;

Q.  All relief available under Wis. Stats. §100.18, including reasonable attorney's fees and double Plaintiff's pecuniary damages.

R.  Such other and further relief as shall seem just and proper to the court.

**A JURY TRIAL IS DEMANDED.**

Dated: 8/22/11

BAKKE NORMAN, S.C.

By: _____
Peter M. Reinhardt, # 1025187
Timothy O'Brien, # 1003571
2919 Schneider Avenue
P.O. Box 280
Menomonie, WI 54751

Attorneys for Plaintiff