IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK OVERTON,

                Plaintiff,

v.

HEALTH COMMUNICATIONS, INC.,
CHICKEN SOUP FOR THE SOUL PUBLISHING, LLC.,
AMERICAN GREETINGS CORP.,
CHICKEN SOUP FOR THE SOUL ENTERPRISES, INC.,
CHICKEN SOUP FOR THE SOUL, LLC.,
JOHN T. CANFIELD a/k/a/ JACK CANFIELD and
MARK VICTOR HANSEN,

                Defendants.

ORDER

10-cv-701-wmc

---

This order addresses plaintiff Patrick Overton's claimed right to have the jury render alternative verdicts on statutory and actual damages for alleged copyright infringement. This issue was brought to the court's attention by the parties' proposed jury instructions and proposed special verdict forms, and discussed at the March 6, 2012, final pretrial conference. Having now received supplemental briefing from both sides on the issue, the court finds that Mr. Overton may require the jury to render alternative damage awards.

From the parties' submissions and its own research, the court notes that there appears to be no definitive answer as to the plaintiff's right to proceed in this manner. On the one hand, the notion of allowing a jury to render alternative damage awards from which a plaintiff may then choose has, to this court's knowledge, no counterpart in the

law.[1] On the contrary, a plaintiff is normally asked to choose its theory of recovery before submission to the jury. Moreover, there is certainly a risk of jury confusion as to how to separate these two damages calculations, and at least a hint of potential prejudice to the defendants, who may be required to argue two or more potentially inconsistent theories of defense to plaintiff's damage claims at the same time.

On the other hand, the plain language of 17 U.S.C. § 504(c)(1) unambiguously allows a plaintiff to elect statutory or actual damages "at any time before final judgment is rendered." Moreover, the U.S. Supreme Court held definitively in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), that the Seventh Amendment provides the right to jury trial on all issues pertinent to an award of statutory damages in a copyright infringement action. *Id.* at 347-48.[2]

Requiring Mr. Overton to elect before trial, or even just before jury deliberations, among the two forms of damage would arguably frustrate the statute, or the Supreme Court directive, or both. If plaintiff affirmatively elects statutory damages, the caselaw suggests that he waives the right to later elect actual damages. *Twin Peaks Productions, Inc. v. Publications Intern., Ltd.*, 996 F.2d 1366, 1380 (2nd Cir. 1993) ("Once a plaintiff has elected statutory damages, it has given up the right to seek actual damages"). This seems

---

[1] Other than, perhaps, the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1117(d), which provides that the "plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages."

[2] Finding that statutory copyright law, including the right to statutory damages, is sufficiently analogous to traditional common-law causes of action to invoke the Seventh Amendment.

to violate his right to elect actual damages up to the point of final judgment. *See Kiva Kitchen & Bath Inc. v. Capital Distrib. Inc.*, 319 Fed. Appx. 316, 320 (5th Cir. 2009).[3] If plaintiff elects to proceed with his actual damages claim, then he is waiving the possibility of having his statutory damages decided by a jury. *Feltner*, 523 U.S. at 347 n. 5 ("The parties agree, and we have found no indication to the contrary, that election may occur even after a jury has returned a verdict on liability and an award of actual damages. It is at least unlikely that Congress intended that a jury, having already made a determination of actual damages, should be reconvened to make a determination of statutory damages.").

As a practical matter, the best way to satisfy the dictates of the copyright statute and *Feltner* is to require the jury to enter alternative verdicts. The court notes that at least three other courts, though not within the Seventh Circuit, have followed this approach. *See Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 273 (6th Cir. 2009) ("Following five days of testimony, the jury rendered a verdict in Bridgeport's favor, finding UMG liable for $22,245 in actual damages and $88,980 in statutory damages. Bridgeport then elected statutory damages and the district court entered judgment in Bridgeport's favor."); *Kiva Kitchen*, 319 Fed. Appx. at 320 ("[O]ur review of the case law suggests that a plaintiff is authorized to make an informed election of remedy even after the jury has rendered a verdict, with knowledge of the amount of both

---

[3] This ignores the possibility of asking the jury to stay on for a third-stage of trial on actual damages or to reconvene a second jury for this purpose. The court is not prepared to embrace either of these options.

awards."); *Cotter v. Christus Gardens, Inc.*, No. 99-5996, 2000 WL 1871698, at *2 (6th Cir. Dec. 12, 2000) ("The jury . . . awarded Cotter $100,000 in statutory damages. Alternatively, the jury awarded Cotter $153,355 in actual damages.).

The court has amended the proposed jury instructions in an attempt to set out, as clearly as possible, the jury's role in deciding *alternative* damages. The amended jury instructions are attached to this order. The parties will have an opportunity to address these instructions at the end of the first day of trial.

Entered this 9th day of March, 2012.

                                                            BY THE COURT:

                                                            /s/

                                                           _____
                                                           WILLIAM M. CONLEY
                                                           District Judge