## CLOSING INSTRUCTIONS ON DAMAGES

### 1. Summaries of Evidence

In this case, you have been presented with financial information about the costs of printing and distributing *A Cup of Chicken Soup for the Soul*, and the royalties paid to the authors. For the sake of convenience, you were not presented with the defendants' original records, but rather with summaries of the evidence. To the extent disputed, the original material used to create those summaries is also in evidence. It is up to you to decide if the disputed summaries are accurate.

### 2. Damages Generally

In awarding damages, you must consider all damages that occurred from the time defendants began infringing until the present.

At the damages phase, plaintiff continues to have the burden of proof. For certain damages calculations, however, if plaintiff proves some amount of damages, defendants may prove that those damages should be less. In these rare instances, I will explain to you that defendants have the burden of proving something. What is key to remember is that the party with the burden of proof – whether plaintiff or defendant -- must convince you by a preponderance of evidence, meaning that something is more likely than not.

In a copyright case, a plaintiff may choose to receive an award based on his actual losses, or, alternatively, based on an amount called "statutory damages." I will define these terms in the following instructions. Accordingly, you must decide on an award for both actual and statutory damages, answering each question without regard to the other. In other words, you must first decide actual damages. Then, you must decide statutory

damages, putting the amount you awarded for actual damages completely out of mind. The plaintiff will choose only one. Under either award, there is no place here for punitive damages (damages designed to punish a defendant), and you should not award any.

### 3. Actual Damages

#### a. Monetary Harm to Plaintiff

When you are asked to calculate monetary harm, you must add up all money and potential income that you reasonably believe has been lost by plaintiff because of the infringement. Examples of monetary harm from copyright infringement include:

- A decrease in the market value of the copyrighted work caused by the infringement.
- Profits that plaintiff proves he would have made without the infringement. Profits are the revenue plaintiff would have made on sales he would have made without the infringement, less any additional expenses he would have incurred in making the sales.
- What a willing buyer reasonably would have paid plaintiff to obtain a license to copy, use or sell plaintiff's copyrighted work.

A plaintiff claiming lost revenues as monetary harm has the burden of establishing the existence of a causal connection between defendants' infringement and the plaintiff's loss of anticipated revenue.

You should determine the total amount of harm as to each of the two acts of infringement: first, the Chicken Soup book (question 1), and second, the American

Greetings cards (question 3). For each act of infringement, you should also allocate the harm among the defendants based on their culpability.

### b. Defendants' Profits

In addition to recovering for his monetary harm, plaintiff is entitled to recover the profits that a defendant made because of the infringement. A defendant's profits are recoverable, however, only to the extent that you have not taken them into account in determining plaintiff's monetary harm. A defendant's profits are the revenues that the defendant made because of the infringement, minus the defendant's expenses in creating, producing, distributing, marketing, and selling the infringing products.

If a defendant seeks to distinguish between profits that were gained as a result of using the "Faith" poem in the infringing work, and profits it would have earned without using that poem, it must provide evidence sufficient to provide a fair basis of division. Here, defendants have the burden of proof. This evidence need not be mathematically exact, but it must allow for a reasonable approximation. A defendant's burden is to demonstrate the absence of a causal link between the infringement and all or part of the profits generated by the infringing work. To this end, it may seek to show that customers would have purchased the infringing work even without the poem, because of other positive attributes of the work, such as its non-infringing content or the fame of the authors and the series. Defendants have the burden of proof.

4. **Statutory Damages**

Statutory damages are an alternative to the award of actual damages. You may award as statutory damages an amount that you find to be fair under the circumstances. The amount must be between $750 and $150,000. You should allocate the amount you choose among the defendants based on their culpability.

In determining the appropriate amount to award, you may consider the following factors:

- the expenses that one or more defendants saved and the profits that they earned because of the infringement;
- the revenues that plaintiff lost because of the infringement;
- the difficulty of proving plaintiff's actual damages;
- the circumstances of the infringement;
- whether one or more defendants intentionally infringed plaintiff's copyright; and
- deterrence of future infringement.